**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0184-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH G. MURILLO,

     Defendant-Appellant.

_____

Submitted December 2, 2019 – Decided  December 11, 2019

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 17-09-1087 and 18-01-0045.

Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle Mareka Amelia Watson, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from his conviction for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1).[1] Police found the gun stashed in a wall of a commercial establishment on a public street, where defendant had no privacy interest. He mainly contends that Judge Benjamin S. Bucca, Jr. erroneously denied defendant's motion to suppress. We disagree and affirm.

The judge conducted a hearing, denied the motion to suppress, and rendered an oral opinion. Defendant then pled guilty. In accordance with his plea agreement, Judge Bucca sentenced defendant to a five-year prison term with a forty-two month parole disqualifier.

On appeal, defendant argues:

POINT I

THE POLICE DID NOT POSSESS REASONABLE SUSPICION SUFFICIENT TO STOP [DEFENDANT]

---

[1] Defendant was charged under indictment number 17-09-1087 with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count one); second-degree possession of a firearm for unlawful purposes, N.J.S.A. 2C:39-4(a)(1) (count two); third-degree terroristic threats, N.J.S.A. 2C:12-3(a) (count three); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count four); and fourth-degree possession of hollow-nosed bullets, N.J.S.A. 2C:39-3(f) (count five). Under indictment number 18-01-0045, defendant was charged with fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3) (count one); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count two); third-degree possession of Xanax, N.J.S.A. 2C:35-10(a)(1) (count three); and fourth-degree hindering the apprehension or prosecution of another, N.J.S.A. 2C:29-3(a)(7) (count four). Defendant also pled guilty to fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3), which is not the subject of this appeal.

2

AND THE EVIDENCE OBTAINED AFTER THE UNCONSTITUTIONAL SEIZURE WAS INADMISSIBLE UNDER THE DOCTRINE OF PLAIN VIEW.

We conclude that defendant's argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We nevertheless add the following brief remarks.

"[O]n appellate review, a trial [judge's] factual findings in support of granting or denying a motion to suppress must be upheld when 'those findings are supported by sufficient credible evidence in the record.'" State v. S.S., 229 N.J. 360, 374 (2017) (quoting State v. Gamble, 218 N.J. 412, 424 (2014)). This court "accord[s] deference to those factual findings because they are substantially influenced by [an] opportunity to hear and see the witnesses and to have the feel of the case, which a reviewing court cannot enjoy." State v. Lamb, 218 N.J. 300, 313 (2014) (alteration in original) (internal quotation marks and citations omitted). This court "should not disturb a trial [judge's] factual findings unless those findings are 'so clearly mistaken that the interests of justice demand intervention and correction.'" S.S., 229 N.J. at 374 (quoting Gamble, 218 N.J. at 425). "[A] trial court's legal conclusions are reviewed de novo." Lamb, 218 N.J. at 313.

A-0184-18T4

Here, police responded to a 9-1-1 call and spotted defendant.  The officer asked defendant if he was in a fight, defendant replied no, and the officer left the scene.  Twenty minutes later, police returned in response to another call, specifically involving a gun.  They detained defendant and two others—and asked for their identification.  In conducting a protective sweep of the area, police then found the gun.

The law on whether one has an expectation of privacy is settled.  "One seeking to invoke the protection of the [F]ourth [A]mendment must establish that a reasonable or legitimate expectation of privacy was invaded by government action."  State v. Marshall, 123 N.J. 1, 66 (1991).  To determine whether an expectation of privacy is protectable, federal courts "employ[] a two-prong test: first, a person must have exhibited an actual expectation of privacy, and second, the expectation must be one that society is prepared to recognize as reasonable or legitimate."  State v. Sencion, 454 N.J. Super. 25, 32 (App. Div. 2018).  In New Jersey, "[o]ur Supreme Court, however, has defined an objective test asking only whether a person has a reasonable expectation of privacy."  Ibid.  Such "'[e]xpectations of privacy are established by general social norms,' and must align with the 'aims of a free and open society.'"  State v. Taylor, 440 N.J.

Super. 515, 523 (App. Div. 2015) (quoting <u>State v. Hempele</u>, 120 N.J. 182, 200-01 (1990)).

Here, defendant had no reasonable expectation of privacy in the public wall, which was located on a sidewalk accessible to any person. Therefore, the seizure of the gun—even though not in plain view—was constitutional. Indeed, the judge found that there was no reasonable expectation of privacy in the wall because the firearm was hidden in a public area to which the general public has access.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0184-18T4